FIRST NATIONAL BANK OF GREENVILLE v. J. K. PENNINGTON ET AL.

No. 2871.

1. **Practice—Testimony to Intent.**—A party testifying in his own behalf and resisting the charge of partnership between him and his stock keeper, testified, without objection, that he did not intend by his acts to form a partnership. *Held*, in absence of objection to the testimony when offered, the matter will not be revised on appeal.

2. **Partnership—Agency.**—See facts held insufficient to prove partnership or agency.

APPEAL from Hunt. Tried below before Hon. H. O. Head.

In Buzard v. Bank of Greenville, 67 Texas, 83, and in opinion in this case will be found a sufficient statement of the matters discussed.

*Mathews & Neyland* and *A. H. Hefner,* for appellant. — 1. Participation in profits of business constitutes a partnership as to third persons, and the members will be held liable as such, though the business be carried on in the name of one alone, and neither supposes that they are partners nor intend to become such, nor are such as between themselves. Chapman v. Bostick, 18 Wend., 175; Dimon v. Delmonico, 35 Barb., 564; Hodgeman v. Smith, 13 Barb., 304; Catskill Bank v. Gray, 14 Barb., 476; Hevensteit v. Howland, 5 Denio, 70; Cummings v. Mills, 1 Daly, 522; Cotter v. Bettner, 1 Bosw., 493; Railway v. Niles, 3 Hill, 164; Penny v. Black, 9 Bosw., 315; Cushman v. Bailey, 1 Hill, 527; Ontario Bank v. Hennessy, 48 N. Y., 553; Leggett v. Hyde, 58 N. Y., 279; Rowland v. Long, 45 Md., 439; Taylor v. Terme, 3 Harr. & J., 505; Strader v. White, 2 Neb., 348; Parker v. Canfield, 36 Conn., 350; Loomis v. Marshall, 12 Conn., 69; Shenclan v. Medora, 2 Stock. Ch., 469; Bromley v. Elliott, 38 N. H., 287. As to partnership as to third parties when not partners between themselves. Price & Co. v. Alexander & Co., Greene, 427; Gill v. Kuhn, 6 Serg. & R., 333; Post v. Kimberly, 9 Johns., 489; Montgomery v. Ives, 17 Johns., 40; Bailey v. Clark, 6 Pick., 372; Kellogg v. Griswold, 12 Vt., 291; Gow on Part., 11; Story on Part., secs. 30, 31, 53–70, and authorities cited in notes.

2. Wherever a special or general agent with a secret limit of his powers has been placed by his principal in a position where his apparent authority exceeds his real authority, the principal is not entitled to be

relieved against the contract entered into merely upon the ground that he had previously instructed his agent not to enter into a contract, or had given him a limited authority sò as not to include the making of a specified contract, but will be bound by all contracts of the agent within the scope of his apparent authority. Eastman v. Clark, 53 N. H., 276; Casgrove v. Ogden, 49 N. Y., 255; Murphy v. Ins. Co., 59 Tenn., 440; Bryant v. Moore, 26 Me., 84; Ewell's Evans on Agency, pp. *103–106, and authorities cited in notes to p. *105, and pp. *139–41, and authorities cited in notes; Story on Agency, secs. 87–106.

*Perkins, Gilbert & Perkins* and *B. S. Johnson*, for B. F. Buzard.—
1. The payment to an employe of one-half of the profits of a business for his services in lieu of a salary theretofore paid him does not constitute the employer and employe partners *inter se* nor as to third parties. Buzard v. First Nat. Bank of Greenville, 67 Texas, 83; Goode v. McCartney, 10 Texas, 193; Beckwith v. Talbot, 95 U. S., 289; Bradley v. White, 10 Metc., 303; Story on Part:, 7 ed., secs. 32, 38; 1 Lind. on Part., 4 ed., pp. *20 (note 1), *33–*43.
2. To constitute one a partner by the receipt of profits he must receive them as a principal trader and not as an employe in lieu of a salary. Beacher v. Bush, 45 Mich., 188; 1 Add. on Con., 4 Am. ed, sec. 98, note 1; Harvey v. Child, 28 Ohio St., 319; 1 Lind. on Part., secs. 16, 17, note 1; Story on Part., 7 ed., sec. 49, and note; Heran v. Hall, 1 B. Mon., 169; Pars. on Part., p. *91; 1 Woods' Coll. on Part., secs. 31, 86.
3. There can be no recovery on a note or bill against one whose name does not appear upon it. When an agent acts in his own name he binds himself and not his principal. Cragin v. Lovell, 109 U. S., 194; Bank v. Monteith, 1 Denio, 401; Chitty on Bills, 22, 36; Snelling v. Howard, 51 N. Y., 377; Pentz v. Stanton, 10 Wend., 271; Stackpole v. Arnold, 11 Mass., 227; Briggs v. Partridge, 64 N. Y., 356; Barlow v. Bishop, 1 East, 432; Emly v. Lye, 5 East, 6; Newhall v. Dunlap, 14 Me., 180.
4. One who deals with another who claims to be the agent of a third person, but who has no written authority, without inquiry of the alleged principal, does so at his peril. Railway v. Ford, 53 Texas, 371; Breen v. Railway, 50 Texas, 43; Latham v. Pledger, 11 Texas, 430; McAlpine v. Cassidy, 17 Texas, 462; Parsons v. Armor, 3 Pet., 426.

HENRY, ASSOCIATE JUSTICE.—By this suit, as finally amended, appellant seeks to recover against J. R. Pennington and B. F. Buzard a judgment for the amount of two promissory notes. One of said notes was signed by Pennington alone, and the other was signed by Pennington and J. B. Mahaffey alone.

The petition contains two counts, one charging Buzard as Pennington's partner, and the other charging that if Buzard is not liable as such part-

ner he is liable because Pennington, in executing the notes in suit, acted as his agent and for his benefit.

But two errors are assigned, one relating to the issue of partnership and the other to that of agency. The first is that "the court erred in allowing the defendant B. F. Buzard to testify over the plaintiff's objection that he (Buzard) did not intend to form a copartnership at the time he and his codefendant, J. R. Pennington, entered into the contract in Denison, in June, 1883, because the question at issue was one at law to be drawn only from the acts of the parties and the terms of the said contract, and does not depend on the secret intention of the parties."

This objection can not be considered by us because the record fails to show that any objection was made at the trial to the admission of the evidence.

When this cause was before us on a former appeal upon substantially the same facts upon the issue of partnership that are now presented, that question was fully considered and a conclusion reached adverse to the existence of the partnership contended for. We are entirely satisfied with the conclusions then announced.

The other objection is stated as follows:

"Because if, in fact, the said defendants were not partners in fact or in law, then the court erred in holding that the defendant Buzard was not bound for the debt sued for, because said Pennington was the duly authorized agent of said Buzard, and said Buzard held him out to the world as such, or permitted Pennington to hold himself out as such. And said Buzard knew, or might have known by the use of reasonable diligence, that said Pennington was so holding himself out to the world. And further, that after a full knowledge of the fact that Pennington had so held himself out as his agent, and had borrowed the money sued for by plaintiff and had given a mortgage on the cattle bought with the borrowed money sued for, said Buzard interposed his claim to the cattle so bought, thereby declaring Pennington to be his agent, and fully ratifying his action in borrowing and investing the money."

With regard to this issue we find from the record that Pennington was first employed on a salary to purchase cattle for Buzard with money furnished by him, and afterwards his employment was continued to do the same thing, with the difference that instead of receiving wages he was to be compensated by receiving half of the profit. He seems with the knowledge of Buzard to have conducted the business in every respect in his own name. He recorded Buzard's cattle brand in his own name. He deposited all money in the bank in his own name, and drew it out and disbursed it in the same way. The cattle were bought and sold and mortgaged to plaintiff in his own name and as his own property.

There is nothing in the record to indicate that Buzard ever authorized him to make any purchase on a credit, to borrow money, or incur any

debt, or that he had knowledge of his having done so in any instance. He seems only to have authorized Pennington to purchase cattle with an amount of money furnished in advance for that purpose. The cattle when purchased were to become the individual property of Buzard.

If it be conceded that this method of dealing made the cattle when purchased the apparent property of Pennington, so that his individual creditors could acquire through him a title to them, it still will not follow that he had acquired any authority to pledge the credit of Buzard.

The judgment is affirmed.

*Affirmed.*

Delivered November 29, 1889.