VERONICA HUTNAK *vs.* JOHEN HUTNAK.

MAY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.    This bill in equity was brought by a wife against her husband for the determination of her rights in certain real and personal property, for an accounting, and for other incidental relief.   The respondent demurred to the bill.   The cause is before us on complainant's appeal from a decree of the superior court sustaining the demurrer.

The cause comes to us without a transcript of the proceedings at the hearing in the superior court and without any rescript from the trial justice.   It appears that the demurrer, which set up the statute of frauds as the main

ground of defense, was filed to a second amended bill of complaint. According to a jacket entry in the cause the trial justice in a decision from the bench on January 18, 1950 sustained the demurrer and allowed complainant ten days to file another amended bill, the respondent to plead or demur within ten days thereafter. The decree was entered January 27, 1950. In the circumstances it was in effect treated by the complainant as a final decree dismissing the bill as a matter of law and it will be so treated in this opinion.

Briefly stated, the bill alleges that in 1934, following the death of his wife who was complainant's sister, respondent went to an unidentified country in Europe where complainant was then living and asked her to marry him; that at such time he "stated and agreed that if she would so do,. they would be partners and everything they had or accumulated would be for the both of them"; that in consideration of such promise she married him on August 12, 1934; and that shortly thereafter they came to this country and went to live on a farm which he owned in the town of Burrillville in this state. The bill further alleges that during her married life she worked in mills and on the farm, thus helping to pay the mortgage on the property and also the cost of maintenance and improvements, which included farming equipment, taxes, furniture, and other expenses. After alleging that three children were born of the marriage and that complainant had brought an action for legal separation in the superior court, the bill prays for the relief hereinbefore set forth.

The only question before us is whether complainant can maintain the bill in view of the statute of frauds with reference to marriage agreements. In so far as pertinent, general laws 1938, chapter 481, §1, provides that no action shall be brought whereby to charge a person on any agreement upon consideration of marriage unless the agreement or some note or memorandum thereof be in writing and

signed by the party to be charged therewith. The bill contains no allegation of such a memorandum.

Complainant, however, recognizing the pertinency of the statute, contends that it is inapplicable under the doctrine of part performance, as shortly after her marriage in Europe she came to this country and worked to the extent alleged in the bill, thereby contributing materially to the betterment of respondent's property. To support her contention complainant cites *Peckham* v. *Barker,* 8 R. I. 17, *Tingley* v. *Jacques,* 43 R. I. 367, *Johnson* v. *Johnson,* 51 R. I. 296, and *Tillinghast* v. *Harrop,* 63 R. I. 394. Those cases are not in point as they involve contracts for an interest in land unconnected with any agreement in consideration of marriage. Although complainant rests her claim for relief on the doctrine of part performance, in reality she is relying on an equitable estoppel. 2 Williston on Contracts (Rev. ed.) §533A.

In the absence of any reported case in this state on the question under discussion, we have carefully examined the decisions of various courts as well as other pertinent authorities, and we find that the statute is generally given full force and effect where, despite other inducement, marriage is in whole or in part the real consideration for the agreement. *Adams* v. *Adams,* 17 Ore. 247. 37 C.J.S. Fraud, §§4, 5; 25 R.C.L., §25, p. 451; 2 Williston on Contracts (Rev. ed.) §§485, 533; 1 Restatement, Contracts §192. See also Pound, Progress of the Law, 33 Harv. L. Rev. 933, 937. It is only in rare instances that the principle of estoppel is applied in this class of cases. The statute is no defense if the promissor fraudulently induced the marriage with no intention from the outset of performing his promise, or if the marriage is not the real end or purpose of the agreement but a mere incident or condition thereof. *Stratton* v. *Stratton,* 58 N. H. 473; *Giradot* v. *Giradot,* 172 Ga. 230; *Terry* v. *Terry,* 264 Ky. 625; *Bader* v. *Hiscox,* 188 Iowa 986; *Allen* v. *Moore,* 30 Colo. 307; *Peek* v. *Peek,* 77 Cal. 106, and authorities just above cited. In *Brown* v. *Hoag,* 35 Minn.

373, at page 378, it is said that "courts have never assumed or attempted to lay down any general rule as to what would or would not constitute 'part-performance,' but have rather contented themselves with applying this principle to the facts of each case, by which, under a gradual process of inclusion and exclusion, it has been determined that certain states of facts will operate as an equitable estoppel, and that certain others will not."

In our judgment the allegations of the bill under consideration are plainly within the statute of frauds since the marriage here was the main if not the sole object of the agreement. Whatever else is alleged in the bill respecting property rights of the parties after marriage is not only merely incidental to the real purpose of the agreement but is also so indefinite and marked with such futurity as to furnish no substantial basis for equitable estoppel.

The complainant's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Thomas J. Kane, Irving I. Zimmerman,* for complainant.

*Monti & Monti, Michael A. Monti, Francis A. Monti,* for respondent.