S. S. WEEMS et al., Appellants,

v.

FROST NATIONAL BANK OF SAN ANTONIO, Appellee.

No. 12797.

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1955.

Wm. N. Bonner, Houston, Hall W. Griggs, West Columbia, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Mueller, Mueller, Grun & Legan, Pat Legan, San Antonio, for appellee.

POPE, Justice.

Appellants are insistent that we write further with reference to this suit. We are admonished to heed Rule 451, Texas Rules of Civil Procedure, which enjoins upon Courts of Civil Appeals the duty to "decide all issues presented to them by proper assignments of error by either party, whether such issues be of fact or of law, and announce in writing their conclusions." Such insistence presents the paradox between abstraction and realities in opinion writing. In the abstract, the clamor is for short opinions; but in the real, the specific lawyer wants his specific case to be burdened by an opinion which discusses each point seriatim, carefully distinguishes each cited authority, and generally encumbers the advance sheets. While we are of the opinion that appellants, judging from their two motions for rehearing, are not left in doubt as to our conclusions of fact or law, we shall comply with their request to enlarge upon the opinion. 275 S.W.2d 956.

The Bank, as stakeholder, interpleaded all interested persons for the purpose of obtaining a declaratory judgment about the meaning of words in a will which was admitted to probate in Nueces County. The stakeholder is concerned only with performing its duties and does not claim to own any lands involved in the controversy. The original opinion was written on the basis only of points which were presented, to quote again from Rule 451, "by proper assignments." Those points and that brief in no way suggested that venue should be changed from Nueces County on the grounds that the suit falls within Section 14 of Article 1995, which places venue for land suits and to remove cloud in the county of the property.

Rule 418 provides that appellants' brief shall state the points upon which the appeal is predicated. Unless that rule means what it says, each time some new point may occur, the briefer would write about it in another brief and impose upon his adversary the duty to rebrief. After appellee filed its brief, appellants filed what they denominate "Written argument—Replying to Appellee's Brief and Additional Point of Error." Appellants state their reason for making the new point is that "it clearly now appears to be an action for the recovery of lands or to quiet the title to lands in Wharton County." In other words, after the case was tried and after appellee filed its brief, appellants started in an entirely different direction to urge a change of venue. The case was tried below and our opinion was written upon the question of whether appellants, who are residents of Brazoria County, could be sued in Nueces County when joined with persons who reside in Nueces County. Sections 4 and 29a, Article 1995, were and are the sections concerned. Appellants, by their original

brief recognized this fact and, to emphasize it lest this Court miss the point, placed on the outside cover page of their brief, extracts from three authorities to demonstrate a man's right to be sued in his own county—in this case Brazoria County. Indeed, appellants swore that no exception to their right to be sued in Brazoria County existed.

██ For these reasons, we have not considered appellants' point which so lately brings Section 14, Article 1995, into this case. Perry v. City of Gainesville, Tex.Civ.App., 267 S.W.2d 270. Whether Renwar Oil Corporation v. Lancaster, Tex., 276 S.W.2d 774, or Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958, 237 S.W.2d 969, should control this case is not in the case. Those cases discuss Section 14 of Art. 1995.

██ Appellants by their plea of privilege sought to change venue from Nueces County to Brazoria County, the county of their residence. They solemnly swore in their plea of privilege that no exception to that exclusive venue in Brazoria County is present in this case. They now insist that there is an exception and the case should be tried in Wharton County. No suggestion to the trial court, no pleading and no evidence, hinted that appellants wanted the case transferred to Wharton County. Not until appellee had filed its brief in reply to appellants' brief, did the idea to transfer the case to Wharton County and the possible application of Section 14, occur to appellants. The suggestion to move the case to Wharton County, for the first time came into this case on the date the cause was submitted in this Court. Certainly, it would be a perplexed district judge who learned that we had reversed his judgment under Section 14, Article 1995, and had transferred the cause to Wharton County, when he had been called upon neither to consider such exception nor to transfer the case to that county.

Appellants are not entitled to transfer the case to Wharton County. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65; Phillips v. White, Tex.Civ.App., 272 S.W.2d 743. For the reasons stated in our original opinion, which discussed the only theory upon which appellants could rely, they are not entitled to transfer the case from Nueces County.

These are our conclusions of fact and of law with reference to appellants' point, designated as number nine in their motion for rehearing. We pretermit discussion of the other ten points.

The second motion for rehearing is overruled.