104 So.2d 457 (1958)
I. MILLER, Appellant,
v.
Norman GREENE and Philip M. Greenberg, as Executors of the Estate of Ethel Greenberg, deceased, Appellees.
Supreme Court of Florida.
July 16, 1958.
*458 Mortimer I. Podell, Miami Beach, for appellant.
L.J. Cushman, Miami, for appellees.
O'CONNELL, Justice.
Ethel Greenberg sued the defendant I. Miller, appellant here, for monies due her by defendant. Defendant filed an answer and in addition filed a counterclaim in which he claimed plaintiff was indebted to him for services rendered in the reasonable amount of $25,000. Plaintiff moved to dismiss the counterclaim on the ground that it stated "no claim upon which relief can be granted." On this motion the court dismissed the counterclaim with prejudice. In the order of dismissal the court did not assign reasons for dismissal. Defendant appeals from this order.
Plaintiff died during the course of the proceedings and the executors of her estate were substituted in her place.
In his counterclaim defendant related that he met plaintiff shortly after she acquired *459 the ownership of a hotel on Miami Beach; that plaintiff had little experience in operating a hotel whereas he had such experience; that plaintiff requested defendant to participate in, advise, counsel and guide her in the operation of her hotel, which he did with the result that the hotel was operated profitably, and:
"That in January, 1952, it having become apparent to the counterdefendant that as a result of the counterclaimant's efforts in her behalf as aforesaid, the Carlyle Hotel was being operated at a substantial profit, the counterdefendant promised the counterclaimant that, if the counterclaimant would continue to render services to her in the operation and management of the said hotel, as aforesaid, then she would marry him and she would share with him the net income resulting from the operation of the hotel, in the approximate amount of $25,000.00 to $30,000.00. That the counterclaimant agreed to render services as requested by counterdefendant and, in reliance on her said promise, continued to perform such services."
The parties planned to wed in the fall of 1955 but the plaintiff became ill and the wedding was postponed. The defendant continued to render the services agreed upon and in the spring of 1956 the plaintiff informed him that her physical condition rendered marriage impossible for her. Plaintiff thereafter, in July of 1956, filed her complaint against defendant for monies due her.
On Appeal defendant presents two questions:
1. Whether or not the counterclaim contains allegations sufficient to state a cause of action.
2. Was it error to dismiss the counterclaim without leave to amend?
Consideration of the first question immediately presents the applicability of that portion of the Statute of Frauds, § 725.01, F.S.A., which reads:
"No action shall be brought whereby * * * to charge any person upon any agreement made upon consideration of marriage * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
Defendant argues that the promise alleged in his counterclaim is not within the Statute of Frauds because it was a promise made "in contemplation of marriage" and not made "upon consideration of marriage." He contends that this is so because there was consideration for the alleged promise other than the marriage of the parties, i.e., plaintiff's promise to share with him the income from the hotel, and that the promise of marriage was only incidental to the contract.
In opposition to this contention plaintiff argues that the sole, or at least the principal consideration for defendant's services was plaintiff's promise to marry him. Plaintiff asserts the rule to be that if the promise of marriage is in whole or in part the consideration for a contract the Statute of Frauds is applicable.
It is well settled that any verbal executory promise or agreement made in consideration of marriage, other than a mutual promise to marry, is embraced within the Statute of Frauds. Annotation, 1919, 10 A.L.R. 321. There can be no question that this is the rule when a promise to marry is the sole consideration for an agreement. The purpose of this provision in the statute is to give protection against the consequences of rashness and folly by rendering hasty and inconsiderate oral promises, made to induce marriage, without legal force. See Herr v. Herr, 1953, 13 N.J. 79, 98 A.2d 55, 59.
*460 In the case now before us the promise between the parties alleges consideration other than the promise of marriage by the plaintiff. We must therefore determine the rule to be followed in view of this added element.
Not having previously decided this question, we find ourselves in the position occupied by the Rhode Island court in the case of Hutnak v. Hutnak, 1951, 78 R.I. 231, 81 A.2d 278, 279, in that we must look to other jurisdictions and authorities for aid in answering the question.
We approve the following statement in the Hutnak case, reading as follows:
"* * * [W]e have carefully examined the decisions of various courts as well as other pertinent authorities, and we find that the statute is generally given full force and effect where, despite other inducement, marriage is in whole or in part the real consideration for the agreement. Adams v. Adams, 17 Or. 247, 20 P. 633. 37 C.J.S. Fraud §§ 4, 5; 25 R.C.L. § 25, p. 451; 2 Williston on Contracts (Rev. ed.) §§ 485, 533; 1 Restatement, Contracts, § 192. See also Pound, Progress of the Law, 33 Harv.L.Rev. 933, 937. * * * The statute is no defense * * * if the marriage is not the real end or purpose of the agreement but a mere incident or condition thereof. * * *"
And as did the court in the Hutnak case, we find that the promise of marriage was not a mere incident or condition of the agreement, but rather was, at least in part, the real end or purpose of the agreement. The promise of marriage was certainly an essential element of the whole agreement. It can not be removed from the alleged agreement and leave remaining a contract expressive of the parties' intentions. The contract is not divisible.
Among the authorities which support the view we have adopted herein is 1 Restatement, Contracts, Sec. 192, wherein it is said that any contract for which marriage or a promise of marriage is the consideration, in whole or in part, is within the Statute. Also see 2 Corbin on Contracts, Sec. 426; 2 Williston on Contracts, Sec. 486 (Rev. ed. 1936) which says this rule applies in the case of indivisible contracts; Stevens v. Niblack's Adm'r, 1934, 256 Ky. 255, 75 S.W.2d 770; Terry v. Terry, 1936, 264 Ky. 625, 95 S.W.2d 282; Henry v. Henry, 1875, 27 Ohio St. 121; Rogers v. Joughin, 1929, 152 Wash. 448, 277 P. 988, which case recognizes no distinction between contracts made "in contemplation" and those made "in consideration" of marriage.
Also see 37 C.J.S. Frauds, Statute of § 230, which states that where one of the considerations for payment of money or transfer of property is a promise of marriage, the contract is within the Statute and the whole contract must fail, but that it is otherwise where the promise to marry is separable from the agreement to pay money or transfer property. Also see Davis v. Cox, 1912, 178 Ind. 486, 99 N.E. 803.
There are cases which appear to hold a contrary view. In Bader v. Hiscox, 1919, 188 Iowa 986, 174 N.W. 565, 10 A.L.R. 316, the court said that if a promise be made upon a lawful and sufficient consideration, not within the statute, the promisor can not evade liability because there was another or additional consideration, proof of which is excluded by the statute. The court found the agreement to marry was a mere incident, and not the end to be attained or purpose to be accomplished.
The Bader case cited Larsen v. Johnson, 1890, 78 Wis. 300, 47 N.W. 615, as supporting it in principal. Defendant urges that the Larsen case illustrates the better view and should control this case. However, in the Larsen case the court found that the promise of marriage formed no part of the consideration for the agreement, *461 and accordingly determined that the contract was in contemplation, not in consideration, of marriage. The Larsen case differs from the one now before us in the important fact that here it is clear that marriage was a material part of the consideration for the alleged contract between the plaintiff and the defendant.
Defendant also contends that the fact that no marriage ever took place removes the agreement from the operation of the Statute. In support he cites Pomeroy on Contracts, Sec. 111 (3rd ed. 1926) which states that actual marriage itself is a necessary part of every agreement made upon consideration of it.
We can not agree with this contention.
As stated in 2 Corbin on Contracts, Sec. 463, marriage is not sufficient part performance to take a parol agreement therefor out of the Statute. This authority further states:
"It has been argued that the reason for this rule is that marriage cannot take the case out of the statute since it is marriage that brings the case within the statute. This argument is not sound, inasmuch as the statute applies to the bilateral as well as the unilateral contract; a promise to marry as well as actual marriage brings a promise to make a settlement within the statute."
Marriage itself is generally, if not universally, held not sufficient part performance to take a parol antenuptial agreement out of the Statute. Annotation, 1952, 30 A.L.R.2d 1419, 1423.
The authorities which recognize part performance of contracts involving marriage as a consideration have done so in cases where transfer of land, change of possession thereof, or improvements thereto were involved. Such cases involve the application of equitable rules and principles relating to specific performance. See 37 C.J.S. Frauds, Statute of § 249; 2 Corbin on Contracts, Sec. 463; and Annotation, 30 A.L.R.2d at page 1421, supra. It is noted that 2 Williston on Contracts, Sec. 533, recognizes no application of the equitable doctrine of part performance in such cases, saying
"Nor does it help the plaintiff's case that relying upon an agreement in consideration of marriage he changed his position."
In the case now before us the defendant has not alleged facts which would entitle him to relief, even under the most generous application of the equitable principles of the doctrine of part performance. No conveyance of land is involved, no change of possession and no valuable improvements are alleged to have been made. Assuming, but not deciding, that such considerations would improve his position they are not present here.
Defendant's second question argues that it was error to dismiss his counterclaim with prejudice, because it states a cause of action for recovery in quantum meruit, or that it could have been amended to do so.
He argues that even though he be barred from enforcing his special contract because of the Statute of Frauds, he is nevertheless entitled to recover for the services rendered to plaintiff to the date he was informed that she could not perform her promise to marry him. Otherwise, he says, plaintiff or her estate will be unjustly enriched.
Plaintiff counters with the argument that (1) defendant did not plead on quantum meruit; (2) the alleged contract did not obligate the plaintiff to compensate defendant in money, but rather by marriage, and (3) where a special contract does not obligate one to compensate the other in money, the only action which may be maintained is one upon the express contract. In support of this argument plaintiff cites 7 C.J.S. Assumpsit, Action of § 9, p. 117; 5 C.J., Assumpsit, Action of, § 18, p. 1388; Osterling v. Cape May Hotel Co., 1912, *462 82 N.J.L. 650, 83 A. 887; Crandall's Florida Common Law Practice, §§ 146, 147, pp. 211, 212, and other authorities.
In the case before us defendant alleged that the plaintiff agreed not only to marry him, but also to pay him $25,000 to $30,000 for his services by sharing with him in that amount the profits of the hotel after the marriage.
It is this feature of this case which distinguishes it from most, if not all, of the authorities cited by plaintiff. If the only consideration to be received by the defendant was marriage to him by plaintiff, we would be inclined to agree with the plaintiff's contention on this point.
In the case of Hazen v. Cobb-Vaughan Motor Co., 1928, 96 Fla. 151, 117 So. 853, 858, this Court said:
"* * * where a special contract has been partly performed by the plaintiff and has been put an end to by mutual consent of the parties, or by the act of the defendant, or by `act of God,' or the contract for technical deficiencies in its execution is not legally enforceable, and the part performance of the contract was beneficial to the defendant and accepted by him, or full performance waived by him, the plaintiff may recover on the common counts for the actual value of the services rendered or materials furnished and thus accepted and enjoyed. And this rule would ordinarily hold good, even if the plaintiff could not maintain an action upon the original contract. * * *"
Under this statement of the law when one furnishes services to another, which are of benefit to the recipient, under an invalid or unenforceable contract, he may recover the reasonable value of the services rendered on the basis of quantum meruit. This statement assumes that the contract provides, or the circumstances raise, the implication that the person rendering the services expected to receive payment and the recipient of the services expected to make payment therefor. See also 58 Am.Jur., Work & Labor, Sec. 35; 49 Am.Jur., Statute of Frauds, Sec. 560; 2 Corbin on Contracts, Secs. 321, 322, and Bucki v. McKinnon, 1896, 37 Fla. 391, 20 So. 540.
In the instant case defendant's counterclaim was based upon an alleged express agreement. We have held the agreement to be unenforceable because of the ban of the Statute of Frauds. The trial court therefore properly dismissed the counterclaim.
The record reveals no motion to amend, oral or written, to have been made by the defendant, although defendant in his brief says he made such a motion, orally.
Regardless of whether defendant did or did not move to amend his counterclaim, he should, out of a regard for justice and due process, be given the opportunity to do so. He may or may not have a right to recover on a basis of quantum meruit, but in any event he should have the opportunity to prove this right, if he can. See Davidson v. S.S. Jacobs Co., Fla. 1957, 93 So.2d 731.
Accordingly, we affirm the order of dismissal of the counterclaim but reverse that part of the order which prevents his pleading further.
Affirmed in part and reversed in part for further proceedings not inconsistent herewith.
TERRELL, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.