## Moffatt F. Trimble v. Mary E. Trimble.

In granting a divorce the Court may make such a devision, at least, of the community property, in reference to the condition of the parties, and the support and education of the children, as may be equitable and just. The Court, in the present case, appears to have made such devision of the community property, as to the Court seemed proper; and there being no statement of the evidence, in the record, we must suppose the Ceurt exercised its powers rightly and upon sufficient grounds.

The decree gives the custody of the children to the mother; and the defendant (the father) not having asked a more specific, or indeed any order or decree respecting their maintainance and education, cannot now complain that the decree is not, in this respect, more explicit.

Error from Bexar. Suit by the defendant in error against the plaintiff in error, for divorce, on the ground of cruel treatment. The petition alleged that all the property was community, prayed that an inventory and appraisement be made, and defendant enjoined from alienating, disposing of or encumbering said property, and from contracting debts on account of the same; alleged that there were four children, stating sex and age; prayed divorce, division of the property, and that the care,

custody and education of the children be decreed to the plaintiff. On the petition an order was endorsed by the Judge, before filing, to the effect that the injunction be issued, and that a person named should take an inventory and make an appraisement of all the community property, real and personal, and return the same by the next Term of the Court. Writ of injunction issued and served. Commission to make inventory and appraisement issued, and returned that the following is all that has come to his knowledge, and that the appraisement is truly made. The inventory amounted to $6,778 00. Citation served on defendant. No answer. Verdict "We, the jury, find a "verdict for the plaintiff, believing the allegations of the ill- "treatment, neglect, &c., set forth in the petition, to be true." Decree of divorce, "custody" of the children to the plaintiff; "and that the following division of the community property, as described in the inventory on file, be made, to-wit :" &c. Property of the value of $4,479 00 was adjudged to the plaintiff, and "to the defendant all the remaining property in the inventory described." And it was further ordered that a person named be appointed a commissioner to divide the household and kitchen furniture, (not mentioned in the inventory) between the plaintiff and defendant, at the rate of two-thirds to the plaintiff and one-third to the defendant.

The errors, assigned, related to the unequal division of the property ; that no provision was made for the payment of the debts of the community, or for the support and education of the children.

*Paschal & Stribling,* for plaintiff in error, argued that the judgment, so far as it did not concern the divorce, should be reversed, and remanded with directions to the Court below, to make an equal division of the community property, and to decree the manner in which each of the parties should contribute to the support of the children.

*Dennison & Jones,* for defendant in error. The law (Art.

849 and 858, Hart. Dig.) gives to the Court full power and discretion to divide the property as shall be deemed just and proper ; as also to give the custody and education of the children to either the father or mother.   In the absence of a statement of facts, the presumption is that the Court had before it evidence sufficient to warrant the due exercise of its discretion.

WHEELER, J.    The errors, assigned, relate to that part of the decree, only, which makes a division of the community property, and as respects the maintainance of the children.    In granting a divorce, the Court may make such a division, at least, of the community property, in reference to the condition of the parties, and the support and education of the children, as may be equitable and just.   (Hart. Dig. Art. 849, 858 ; Fitts v. Fitts, 14 Tex. R. 443.)    The Court, in the present case, appears to have made such devision of the community property, as to the Court seemed proper : and there being no statement of the evidence in the record, we must suppose the Court exercised its powers rightly and upon sufficient grounds.    The decree gives the custody of the children to the mother ; and the defendant, not having asked a more specific, or indeed any order or decree respecting their maintainance, and education, cannot now complain that the decree is not, in this respect, explicit.

There is no error in the judgment and it is ordered that it be affirmed.

Judgment affirmed.