PLEASANT ELLINGTON *v.* SARAH W. ELLINGTON.

The 6th section of our common-law act declares, that "every matrimonial agreement must be made by an act before a notary public and two witnesses." An agreement not so authenticated cannot be regarded. (Paschal's Dig., Art. 4632, Note 1041.)

Where there was no bill of exceptions or statement of facts, and the case made by the pleadings showed that the husband died without children, leaving a widow and parents, the decree giving the wife half the slaves and all the community property was strictly in accordance with law. (Paschal's Dig., Arts. 3422, 4638, 4642, Notes 787, 1045, 1049.)

APPEAL from Lavaca. The case was tried before Hon. J. J. HOLT, one of the district judges.

Richerson Ellington died childless, leaving a widow and father and mother as his only heirs. He was possessed of

a number of slaves, which he owned before marriage, and of sundry personal property, which he acquired during marriage. By an ante-nuptial marriage contract the parties defined their rights in the property which they brought into the marriage, almost in the terms of the law. In her suit for an injunction and partition, the widow claimed that the marriage contract was not binding; and that, if it were legal, it could not control the statute of descents and distribution. She claimed one-half of the slaves and all the community property, as against Pleasant Ellington and wife, the parents of the deceased. The defendants admitted the facts as to the heirship, property, and marriage contract, but insisted that the slaves and some of the other property were "reserved" from the marriage, and that therefore such property did not descend to the widow. The court decreed to the widow one-half the slaves and all the community property, making her liable for the community debts, and decreed to the parents one-half the slaves. The defendant, Pleasant Ellington, appealed upon the case made by the pleadings, for there was neither bill of exceptions nor statement of facts.

*Webb & Jarmon*, for plaintiff in error.—The marriage contract is admitted by the pleadings alleged by the plaintiff below, and admitted by the defendant, now plaintiff in error. It is also admitted by the pleadings that the deceased, R. Ellington, had no children by the defendant in error, and therefore the marriage contract between them was not in violation of law. (O. & W. Dig., Art. 1389.) The court treated this contract as a nullity, because by it all of the negroes should have been given to the plaintiff in error, as the pleadings show that they are the negroes covered by this contract; hence, it is well assigned as error that the judgment is contrary to the law and evidence.

*I. A. & Geo. W. Paschal*, for defendant in error.—The

assignments of error as to the continuance, the treating the marriage contract as a nullity, and the refusal of a new trial, are not supported by evidence.

The fourth is, that the judgment is contrary to the pleadings, the law, and the evidence. But there is neither bill of exception, demurrer, nor statement of facts in the case; and the decree shows that the case was tried upon the evidence.

We need not say that, where there has been no ruling upon the pleadings, no bill of exceptions, or statement of facts, this court will not revise the judgment, if the pleading presents a good cause of action, however defectively stated. (Hart. Dig., Arts. 2930, 2940, §§ 24, 9; Rankert v. Clough, 16 Tex., 13; Hollingsworth v. Holshouser, 17 Tex., 47, and cases there cited; Fulgham v. Bendy, 23 Tex., 65; Galbreath v. Templeton, 20 Tex., 47.)

Without a statement of facts, the court will presume in favor of the judgment. (Bone v. Walters, 18 Tex., 567; St. Clair v. McGehee, 22 Tex., 6; Milburn v. Walker, 11 Tex., 330; Robinson v. Lakey, 19 Tex., 139.)

The plaintiff in error rests his whole argument upon the notion, that the court did not give effect to the marriage contract. To this there are two answers:

1. The record does not show that it was in evidence. For although the original petition exhibits a copy of a marriage contract, yet it avers that it did not and could not change the law, and the amended petition averred that it was void. It is, therefore, not probable that the plaintiff produced it. The defendant did not set it up, and had he relied upon it, he would have proved it and presented it in the statement of facts.

But were the contract properly presented to the consideration of this court, it neither does nor could control the inheritance of the widow as to their separate or community property. (O. & W. Dig., Art. 1389; Hart. Dig., Art. 2411;) [Paschal's Dig., Art. 4632, Note 1040.]

This section is not limited to "children" or "posterity," but also extends to "themselves," as to inheritance.

But the contract was really a grant to the wife, not a curtailing of her rights. The law reserved, as separate property, "all property, both real and personal." (Hart. Dig., Art. 2421, § 2;) [Paschal's Dig., Art. 4641, Note 1048.] The contract reserved to the husband the slaves, a mare, and watch, and grants to the wife a moiety of the residue of his estate; and she grants to him a moiety of her estates, except a mare. The contract thus makes community property of all but (as it resulted) the slaves. But there is no settlement to extend beyond the lives of the spouses. The pleadings admitting that the husband died without issue, the decree was precisely in accordance with our statutes governing marital rights and descents and distribution. (Hart. Dig., Arts. 595, 854, 2418, 2422; Philleo v. Holliday, 24 Tex., 44; Carroll v. Carroll, 20 Tex., 731, 744; Story v. Marshall, 24 Tex., 308; Babb v. Carroll, 21 Tex., 77; Alexander v. Kenneday, 19 Tex., 491;) [Paschal's Dig., Arts. 3419, 3422, 4638, 4642, Notes 783, 787, 1045, 1049.]

Really, the only error was in not decreeing to the widow one-third life estate in the moiety of the slaves decreed to the parents of the deceased, in accordance with the principle in Story v. Marshall. But of this she has not complained, and now only asks an affirmance of the judgment.

DONLEY, J.—Art. 1390, O. & W. Digest, provides, that every matrimonial agreement must be made by an act before a notary public and two witnesses. [Paschal's Dig., Art. 4633, Note 1041.] In the alleged marriage contract in this cause there are no witnesses; this is not in conformity with the statute, and the appellee cannot be affected thereby. This writing was properly disregarded by the court. It is assigned that "the court erred in not continuing said cause." The record does not show any applica-

tion to continue. The decree of partition appears to have been made in conformity with law. There is no statement of facts and no error apparent upon the record. The judgment is

AFFIRMED.