## HICKMAN v. HICKMAN. (No. 714.)

Court of Civil Appeals of Texas. Waco. Nov. 1, 1928.

Lloyd Wicks, of Ralls, for appellant.
J K. Russell, of Cleburne, for appellee.

BARCUS, J. Appellee instituted this suit, seeking a divorce from appellant, and seeking to recover one-half of 240 acres of land which she claimed appellant had given her by reason of a verbal prenuptial agreement. The record shows that appellant and appellee were married in December, 1918, and lived together as man and wife until the early part of 1927. At the time of their marriage appellee was 16 years of age and appellant was 26. Appellant owned 100 acres of land in Crosby county, clear of debt, and a number of cattle and mules. In 1923 appellant traded the 100 acres of land in Crosby county for 320 acres in Bailey county, and gave two notes for $800 each, secured by lien against the Bailey county land. The deed to the Bailey county land recited that it was conveyed to Frank Hickman and wife, Nell Hickman. About the time the trade was made appellant and appellee moved to Cleburne, Tex., where they continued to live until they separated in 1927 They did not at any time live on the 100 acres of land in Crosby county, neither did they live on the land in Bailey county; each of said tracts being unimproved property. The first of the two $800 notes was paid in 1925. When the second note became due the early part of 1927, appellant and appellee sold to Mrs.

Hickman, the mother of appellant, 80 acres of the Bailey county land for $1,050, and with that money paid off the last note, leaving the 240 acres clear of incumbrance. Appellee contended by pleading and proof that the first note of $800 was paid out of community funds made by her and appellant during their married life. Appellant's contention was that the note was paid from the funds derived from the sale of mules and cattle which he owned at the time of his marriage. In reference to the land, appellee alleged that before she and appellant were married he promised to give her one-half interest in the land as a marriage gift, and that afterwards, when he traded the 100 acres for the 320 acres and gave the two notes for $800 each for the difference, she signed the notes with appellant, and also signed the deed to the 100 acres of land, and that the deed to the 320 acres in Bailey county was made to them jointly, for the purpose of carrying out the promise which appellant had made to her before they married. She alleged that they jointly made the money with which to pay the first note, and that they sold 80 acres of the 320 acres to pay the last of the $800 notes.

Appellant filed a general demurrer and some special exceptions to appellee's petition for a divorce. The court overruled same, and appellant presents the court's action as ground for reversal. We think as against a general demurrer the petition was sufficient.

Appellant specially excepted to the allegations contained in the petition with reference to the kind of a Christian character appellee was before her marriage and with reference to the breach of promise on his part that he would go to church with appellee after they were married, and with reference to appellee's and appellant's difference in opinion on religious questions. We think the court was in error in refusing to strike out the pleadings with reference to these matters. Any promise with reference to, or statements about, their religion and the promises which appellant may have made with reference thereto prior to marriage, we think were immaterial and could not be in any way grounds for divorce, especially where, as in this case, the parties had lived continuously together as man and wife for nine years. We do not think the promises made by a man when he is wooing and trying to win himself a wife are grounds for a divorce, if forsooth he does not carry out faithfully every promise he makes to his fiancée. The fact that a husband and wife do not agree on their religious affiliations is not sufficient ground in this state for divorce. Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90.

The cause was tried to the court, and resulted in judgment being rendered for appellee for a divorce, and giving her an undivid-

ed one-half interest in the 240 acres of land. Appellant contends that the evidence was insufficient to authorize the court to grant the divorce. Appellee's testimony on this issue is uncorroborated and unsatisfactory. Since the case must be reversed on other grounds, and in view of the fact that on another trial she will have an opportunity to testify more in detail as to the acts which she claimed constituted cruel treatment, and offer testimony in support of her uncorroborated evidence relative to said issue, we do not deem it necessary to, and we do not, pass upon this assignment.

Appellant complains of the action of the trial court in excluding certain testimony of the witness Erickson with reference to what transpired at the time the deed was accepted by appellant to the 320 acres of land in Bailey county. Appellee contended that she was entitled to one-half of said land because the deed thereto had conveyed same to her and appellant jointly, and that the deed, having been received by appellant in said condition, was a ratification by him of the prenuptial agreement and a carrying out of the promise he had made to give her one-half of his possessions after they were married. Appellant testified that he did not make any such prenuptial agreement, and that it was not his intention, by accepting the deed, to convey any interest in said land to his wife; that at the time the deed was tendered to him he made most strenuous objection to his wife's name being embraced therein, and told the parties from whom he was getting the land that the 100 acres was his separate land and that he wanted the deed to the 320 acres made to him alone; that the parties representing the corporation which was conveying the title, Erickson, Burke, and Cole, all told him that it would not affect the title but that it would still be his separate estate and that his wife would have no interest in it, and that it would take some time to get a new deed because it would have to be sent back to the headquarters of the corporation in the north to be re-executed; that over his protest and only after the assurances given did he accept the deed. The testimony of Erickson, who represented the corporation conveying the land, being taken by deposition, in a large measure corroborated appellant's statements with reference to what did happen at the time and just before and in connection with the delivery of the deed to appellant to the 320 acres of land. This testimony was clearly admissible in rebuttal of the testimony of appellee and in corroboration of the testimony given by appellant. It was admitted that the 100 acres in Crosby county was appellant's separate estate. The prenuptial agreement, if made, not being in writing, as required by article 4611 of the Revised Statutes, was not bindng on nor enforceable against appellant. Unquestionably, appellant had the right, if he could, to show by disinterested parties that he did not intend the deed as a gift of any part of said land to his wife.

The judgment of the trial court is reversed, and the cause remanded.