**HARTMAN et al. v. HARTMAN.**

No. 7498.

Court of Civil Appeals of Texas. Austin.
Sept. 17, 1930.

Rehearing Denied Oct. 8, 1930.

Allen & Wofford, of Taylor, for appellants.

Wilcox & Graves, of Georgetown, for appellee.

BLAIR, J.

Suit by appellant, Alma Hartman, joined by her husband A. P. Hartman, to enjoin the sale of lots 7 and 8 in block 47 of the city of Taylor, levied upon to satisfy a judgment against A. P. Hartman in favor of his divorced wife, appellee Ethel Boyd Hartman, which judgment for $2,000 represented appellee's expenses for support and maintenance of the three minor children of the marriage from February 8, 1926, to February 8, 1928, their custody having been awarded to her by the divorce decree.

Appellant Alma Hartman claimed the property levied upon as her separate property under a deed dated May 6, 1927, executed by A. P. Hartman, for a recited consideration of $5 and love and affection. Appellants also testified to an antenuptial agreement made in consideration of marriage in 1920, as consideration for the deed. The court found that this conveyance was made for the purpose of hindering, defrauding, and delaying appellee in the collection of her debt, and for a wholly

inadequate consideration, and therefore void, or at least voidable at the instance of appellee, under provision of articles 3996 and 3997 which inhibit such conveyances. The evidence clearly sustains the finding of inadequacy of consideration for the conveyance. The antenuptial agreement made in consideration of marriage, if made, was oral and not acknowledged and attested by witnesses; as required by article 4611, and was therefore void. The recited consideration of $5 was nominal, and, while a mere nominal consideration for a conveyance may be valid as between husband and wife, it is not so with respect to rights of creditors. Article 3997 labels gross inadequacy of consideration for a conveyance with a badge of fraud, as affecting rights of creditors. Rockwell Bros. v. Lee (Tex. Civ. App.) 21 S. W. (2d) 30, and cases there cited. And "conveyances in consideration of love and affection cannot be supported against the rights of prior creditors," under the inhibition of the above statute. Moreland v. Atchison, 34 Tex. 356; Raymond v. Cook, 31 Tex. 375; Rockwell Bros. v. Lee, supra.

The evidence also supports the finding that Hartman executed the deed for the purpose of hindering, defrauding, and delaying appellee in the collection of her debt. The fact that both of the appellants and appellee testified that appellee personally had made no demand upon A. P. Hartman to support his minor children until shortly after he executed the deed is not material. Under the law there is a liability resting upon a father of minor children to support them until they reach their majority, and such liability is a continuing one. Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564. The fact that no formal demand was made upon Hartman to perform this legal obligation did not relieve him of it, and the law charged him with notice of it. The circumstances surrounding the antenuptial agreement and the execution of the deed strongly indicate that he made them for the purpose of reducing himself to insolvency in order to evade the legal obligation resting upon him to support his children of the first marriage. Shortly after the divorce was granted he deeded all the property he had to his mother in settlement of an alleged indebtedness of some $19,000. Four years later he entered into an antenuptial agreement with his second wife that, if she would marry him, he would deed her all the property his mother might will him, or that he might inherit from her, as well as all other property that he might acquire. His mother died in January, 1927, and by her will left him property which he rendered for tax purposes at $46,000, and estimated to be worth $78,000. This he immediately deeded to his second wife. Shortly thereafter appellee sued him for $1,000 per year, her expenses for support, maintenance, and education of their minor children, which began to accrue in 1916, and for each year until February 8, 1928, when her suit was filed. Against the expenses accruing more than two years prior to February 8, 1928, Hartman successfully pleaded limitation. He deeded all the property he owned away and was compelled, according to his testimony, to ask his wife for the money with which to make the smallest purchases for himself, although he continued to manage and control the gin and farming interests the same as he did before executing the deed.

Nor do we sustain the contention that at least a portion of appellee's debt accrued subsequent to the execution of the deed, and, appellee having blended that portion in one demand, the entire judgment became a subsequent debt and not covered by the statutes against gifts and conveyances for inadequate consideration. Appellee alleged in her answer to appellants' suit that A. P. Hartman was not only indebted to her in the sum of more than $12,000 for the support and maintenance of their three children, but that he knew, as did appellant Alma Hartman, that A. P. Hartman would be further indebted to appellee in other sums for the support and maintenance of their three minor children with each recurring year, and that this transfer was made for the purpose of hindering, defrauding, and delaying appellee in collecting, not only her present debt, but also future sums of money which the said A. P. Hartman would be due to this appellee and to his three minor children. The law is settled in this state that a deed executed upon an inadequate consideration, with intent to place property beyond the reach of, or to hinder, delay, or defraud, either prior or subsequent creditors, and in contemplation of avoiding future debts, is void, notwithstanding the grantor may have had in his hands at the time property amply sufficient to pay all existing debts. Dosche v. Nette, 81 Tex. 265, 16 S. W. 1013, 1015, in which case the opinion was written by Judge Collard of the Commission of Appeals, and adopted by the Supreme Court June 2, 1891, and from which we quote as follows: "Where a person makes such a conveyance with a view to shield his property from future debts, it would be fraudulent as to such debts, notwithstanding he may have in his hands at the time property amply sufficient to pay all existing debts."

Under the rule of the Dosche-Nette Case, it will be presumed that Hartman intended by executing the voluntary conveyance for an inadequate consideration to hinder, delay, or defraud appellee and his minor children in the collection of prior or accrued expenses for the children's support; but that as to subsequent expenses until his children reached legal age, which the law obligated Hartman to pay, "the question of intent in executing a voluntary conveyance

was one of fact, to be ascertained from evidence either circumstantial or direct, as in other cases." Appellee alleged and proved as above stated that Hartman made the conveyance, not only for the purpose of hindering, delaying, and defrauding appellee and his minor children in the collection of prior or accrued expenses for the children's support, but also their expenses for support in the future until they reached legal age, and with which Hartman was charged as a matter of law.

The judgment of the trial court will be affirmed.

Affirmed.