Sam Thomas v. The State.

No. 15066.   Delivered January 13, 1932.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant:   On the question of the invalidity of article 522, P. C.:   "In order to constitute a crime cognizable by human courts, there must be a criminal intent united with an overt act."   Citing 16 C. J., 75-76; Id, pp. 83-84; 4 Blackstone Comm., p. 21.

As to the test to determine whether a statute defining an offense is void for uncertainty:   "(1) Is whether the language may apply not only to a particular act but equally to other acts about which there may be radical differences, thereby devolving on the court the exercise of arbitrary power of discriminating between the several classes of acts."   Czarra v. Board of Medical Supervisors of The District of Columbia, 25 App. (D. C.), 443.   "(a) The dividing line between what is lawful and what is unlawful cannot be left to conjecture."   U. S. v. Capital Trac. Co., 34 App. (D. C.), 594; 19 Ann. Cas., 68; U. S. v. Washington Railway & Electric Co., 34 App. (D. C.), 599.

As to the sufficiency of the indictment, which purports to charge an offense under article 522, P. C., and as supporting the contention that "the offense must be set forth in plain and intelligible words," citing Kennedy v. State, 216 S. W., 1086, and Hammond v. State, 272 S. W., 791.   Article 519, P. C., denouncing the act of pandering, is construed in these cases.

On the proposition that the court should have submitted the issue as to whether the female in question was an accomplice, the following cases were cited:   Scales v. State, 217 S. W., 149; Chandler v. State, 230 S. W., 1002; Chandler v. State, 231 S. W., 107; Howard v. State, 242 S. W., 729; Harper v. State, 245 S. W., 79; Walker v. State, 252 S. W., 543.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is keeping a resort to aid pandering, as defined by article 522, Penal Code; the punishment, confinement in the penitentiary for twenty-five years.

Appellant contends that the evidence fails to support the charge contained in the indictment. The opinion is expressed that this contention must be sustained. Article 522, Penal Code, reads as follows: "Any person who shall keep or be concerned in keeping or maintaining any house or station or rendezvous or place of resort for females under the guise of securing for such female a place of employment, but with the intent to place such female in a house of prostitution or in the possession of another person to be used for prostitution, shall be punished by confinement in the penitentiary for any term of years not less than five. * *"

In an effort to support the charge embraced in the indictment, the state offered proof which was substantially as follows: Ann Auldridge was twenty-two years of age. She lived with her mother and two single brothers. Desiring work, she advertised in the Dallas News that she was a refined girl and wanted a place in a refined home. Appellant and wife went to the girl's home and employed her to come to appellant's farm and live with them, it being agreed that she should do the house work and cooking, for which she was to receive her room, board and clothing. Appellant lived on a farm with his family about two miles from the town of Dublin. Appellant's family consisted of his wife, sons and daughters. After going to appellant's home, Ann Auldridge took up her duties under the agreement entered into with appellant and his wife. Two or three weeks after she had begun her work in appellant's home, appellant and his wife suggested to her that she submit to acts of sexual intercourse with men for hire. Shortly thereafter on the way from town to his home appellant had sexual intercourse with her. On this occasion she took two or three drinks of whisky with appellant. They drove into a pasture and she finally consented to submit to the act of intercourse. According to her testimony it was her first act of sexual intercourse. Thereafter she agreed to solicit men to engage in illicit intercourse with her, it being understood between appellant and her that he was to receive half of the money. According to her testimony, the witness visited dances and other places and engaged in acts of sexual intercourse for hire. On occasions appellant's wife accompanied her and pursued the same character of conduct as the witness. The money was divided with appellant. Most of the acts of intercourse were had on occasions of dances in the neighborhood. Two or three of these dances were at appellant's home. Other than with appellant, the witness had no act of intercourse in appellant's house. During the dances at appellant's home she and her companions would leave the house and go into pastures. Appellant did not solicit men to have sexual intercourse with the witness, unless his suggestion to one of his friends that he might enjoy her sexual favors if he would come

to the house some night should be taken as a solicitation. On one occasion one of the witness' companions gave her a forged check. Appellant went to this party and endeavored to make him pay him the money on the check. Several men testified that they had engaged in acts of sexual intercourse with the prosecuting witness for money. On one occasion a woman who bore the reputation of being unchaste spent two days in appellant's home. Ann Auldridge testified that appellant slept with this woman. There was no evidence that other men came to the house for the purpose of having sexual intercourse with said woman.

In the first place it was necessary for the state to show that appellant kept or was concerned in keeping a place of resort for females. We think the undisputed evidence shows that he kept no such place. According to the state's testimony, appellant lived in his home with his family, situated about two miles from Dublin, the same being a farm house, appellant being a farmer by occupation. No other person lived there or resided there except appellant and his family. Other than appellant's family, only two women were in appellant's home. One of these women remained there for two days. The other woman was Ann Auldridge who was employed to do the house work. In the second place it was necessary for the state to show that appellant kept a resort for females under the guise of securing for such females a place of employment. There is nothing in the evidence to show that appellant sought to have females come to his home and seek employment. He became acquainted with prosecutrix by virtue of an advertisement in the Dallas News, in which prosecutrix sought employment in a refined home. In response to this advertisement, appellant and his wife employed prosecutrix to do the house work in their home. She took up her duties in appellant's home and remained there for two or three weeks before the suggestion was made to her by appellant that she sell her body to men.

While the evidence shows that appellant connived at the actions of prostitution on the part of Ann Auldridge and his wife and that he received part of the proceeds for the sale of their persons, such fact alone is not sufficient to establish that he kept a place of resort under the guise or false representation. Appellant had not represented to any person that his house was a place of employment for females, and prosecutrix was actually employed in his home. There was no evidence that Ann Auldridge or any other female was deceived by appellant by any misrepresentation as to the character of his home. There is nothing in the record to show that Ann Auldridge was induced to enter appellant's home by any art or strategem which deceived her into believing that it was a place of employment for females. It was necessary for the state to support the allegation in the indictment that appellant had the specific intent to place Ann Auldridge in the possession of other persons to be used for prostitution. We think the evidence fails to support this allegation, in

that the proof is insufficient to show that at the very time Ann Auldridge entered appellant's home he had the intent to place her in the possession of other persons to be used for prostitution.

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.