**John E. HAYES, Appellant,**

**v.**

**Loula M. HAYES, Appellee.**

**No. 21.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 16, 1964.

Rehearing Denied May 7, 1964.

The divorce issues were severed and tried before Honorable Magus F. Smith, the regular judge of the 93rd District Court, and a jury, resulting in interlocutory decree of divorce on March 22, 1963. Upon agreement of the parties Honorable S. N. McWhorter, a retired district judge, was specially assigned to try the property issues. After non-jury trial, final judgment was rendered on July 18, 1963, granting appellant a divorce, dividing the properties and otherwise settling the rights and liabilities in question.

Appellant and appellee were married on May 14, 1960, and finally separated on November 6, 1962. Prior to said marriage appellant had been married two times and appellee three. Each party was past middle age and owned separate properties at the time of their marriage. The trial court appointed an auditor to investigate and report various accounts and other matters concerning the properites belonging to the parties. Each party filed exceptions to the report of the auditor and he was one of the principal witnesses upon trial of the property issues.

Appellant, by five points of error, contends that the trial court erred in excluding a pre-marital contract between the parties, in making division of their properties and in fixing their rights and liabilities in connection therewith. Appellee contends that the trial judge correctly determined such property matters, but, by cross-assignment urges that the amount of attorneys fees awarded to her is inadequate as a matter of law. The divorce issues are not involved in this appeal.

The judgment of the trial court will be briefly summarized.

Appellant was awarded or allowed to retain the following: (1) Real estate situated in McAllen, Texas, together with a business building, furniture and fixtures used in his accounting business, subject to certain indebtedness. This property belonged to appellant prior to the marriage in question and substantial expenditures were made in

Jackson Littleton, of Kelley, Looney, McLean & Littleton, Edinburg, Willis G. Perkin of Alamia, Perkin, & Lemen, Pharr, for appellant.

Neal King, of Hill, King & McKeithan, Mission, for appellee.

SHARPE, Justice.

This appeal by John E. Hayes, plaintiff below, involves that portion of the judgment which adjudicated the property rights of the parties upon the granting of a divorce to appellant from Loula M. Hayes, defendant below and appellee here.

connection with it during the marriage, the details of which will be discussed later in this opinion; (2) a 1960 Cadillac automobile, which was clear of indebtedness at the time the property issues were tried; (3) household furniture owned by appellant prior to the marriage; and (4) a promissory note executed by Darrell Smith in the amount of $11,365.00, for a 20% share of appellant's accounting business. The judgment reflects that the parties agreed such Smith note would be set aside to appellant and that appellee would have the right to collect a contingent fee which Mrs. Farwell, appellee's sister, might have to pay appellant for accounting services rendered, depending upon the outcome of litigation. The Smith note and the Farwell contingent fee, therefore, need not be further discussed. The final judgment required appellant to pay an indebtedness of $3,225.-19, secured by lien against a 1962 Cadillac awarded to appellee, one-half of the indebtedness in the amount of $4,298.81 owing to the San Juan Bank, which was secured by household furniture, three notes to banks aggregating the amount of $11,500.00, and an indebtedness to Joe Norman, Jr., of $6,250.00, against which appellant claimed a set-off. Appellant was also required to pay $7,500.00 to appellee to adjust equities, and $1,500.00 for appellee's attorney fees.

Appellee was awarded or allowed to retain the following: (1) Real estate known as the "Home Place" together with the improvements thereon, subject to indebtedness and lien placed against said property during the marriage, which land had belonged to appellee prior to the instant marriage, and upon which substantial expenditures had been made for improvements during the marriage, the details of which will be hereinafter discussed; (2) a 1962 Cadillac automobile, against which there was an indebtedness secured by lien in the amount of $3,225.19, which appellant was required to pay; (3) household furniture, except that owned by appellant prior to the marriage, subject to payment of one-half the indebtedness in the amount of $4,298.81

to San Juan Bank; (4) the Farwell contingent fee; (5) $7,500.00 to adjust equities; and (6) attorneys fees of $1,500.00.

The record shows in several instances that benefits accrued to the parties, financial and otherwise, not specifically mentioned in the judgment, and which the trial judge could properly have considered in making the property division.

The opinion will be shortened and disposition of this appeal will be facilitated by considering appellant's points in the following order: Point number three, relating to the alleged error in excluding a prenuptial agreement; point number two, relating to the alleged error in connection with the "Home Place"; point number five, relating to the alleged error concerning the 1962 Cadillac automobile and the indebtedness against it; and points numbers one, four and six, grouped for discussion, relating to the alleged errors of the trial court in making the over-all division of the properties, in requiring appellant to pay virtually all of the debts, and in making an allowance of $7,500.00, to appellee in order to adjust equities.

Findings of fact and conclusions of law were not requested or filed. The judgment, therefore, will be reviewed under well-known rules applicable to such situation.

By his point number three appellant contends that the trial court erred in failing to admit in evidence or, at least to consider for limited purposes, a pre-nuptial contract between the parties in which it was agreed that the separate estate of a party making a contribution would be entitled to reimbursement.

■ The trial court properly excluded the pre-nuptial contract because it was not witnessed as is required by law. Article 4611, Vernon's Ann.Tex.Civ.St.; Ellington v. Ellington, 29 Tex. 2 (1867); Hickman v. Hickman, 10 S.W.2d 738 (Tex.Civ.App., 1928, n. w. h.); Hartman v. Hartman, 32 S.W.2d 233 (Tex.Civ.App., 1930, writ dism.); Lieber v. Mercantile National

Bank at Dallas, 331 S.W.2d 463 (Tex.Civ. App., 1960, wr. ref. n. r. e.). Even if admitted or considered the said pre-nuptial contract would not have precluded appellant from making valid gifts to appellee during their marriage, which we hereafter hold that he did in connection with the "Home Place" and the 1962 Cadillac automobile. It further appears that the trial court could have found that such contract would not have substantially affected the disposition of the properties made by it, if the same had been admitted or considered.

■ By his point number two appellant contends that the trial court erred in failing to allow appellant a contribution by reason of his expenditure of many thousands of dollars for improvements on the "Home Place" on North Ware Road, McAllen, Texas, which expenditures undisputedly enhanced the value of such property, such reimbursement being proper under the intent shown by the pre-nuptial contract as well as by the settled rules of law and equity. Appellee contends that the "Home Place" was properly awarded to her as her separate property without allowing appellant any contribution for his expenditures because, on May 7, 1962, appellant reconveyed the property to her and all of the substantial improvements had been made prior to such date.

The "Home Place" property is generally described as 15.23 acres out of lots 1 & 2, Beatty Subdivision, Hidalgo County, Texas. Appellee owned this tract of land prior to May 14, 1960, the date of her marriage to appellant. Shortly prior to such marriage appellee conveyed said property to a trustee, who, within a few days after the marriage, conveyed it to both of the parties by special warranty deed. Thereafter, and prior to May 7, 1962, substantial improvements were made at a cost of approximately $27,593.73. The record further shows that during the marriage from May 7, 1962 to March 22, 1963, the amount of $1,564.15 was spent on the "Home Place". This amount will be discussed hereafter under appellant's point number one. At the time of the marriage there was an indebtedness, secured by lien, against the said property in the amount of $5,731.62. After the marriage said indebtedness was paid off and a new loan secured by deed of trust lien was arranged in the amount of $20,000.00. On May 7, 1962, after the parties had reconciled following a separation, appellant conveyed said property by warranty deed to appellee as her separate property, and she assumed the then outstanding indebtedness against it in the amount of $18,909.89. On the trial of the case counsel for appellant expressly refused to question the validity of said conveyance to appellee.

We hold that the trial court properly awarded the said "Home Place" tract and improvements to appellee as her separate property. The deed from appellant to appellee made the property conveyed her separate property. It divested appellant of all his interest therein and vested full legal title in appellee. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900 (1955); Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733 (1943); Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226 (1943); Alexander v. Alexander, 373 S.W.2d 800 (Tex.Civ.App., 1964, n. w. h.); McAdams v. Ogletree, 348 S.W. 2d 75 (Tex.Civ.App., 1961, wr. ref. n. r. e.); Pevehouse v. Pevehouse, 304 S.W.2d 770 (Tex.Civ.App., 1957, wr. dism.). Appellant's point number two is overruled.

By his point number five appellant contends that the trial court erred in awarding the 1962 Cadillac automobile to appellee as her separate property and at the same time adjudging that appellant should discharge the indebtedness and lien against it, because there was no evidence, or, at least, the evidence was insufficient, to support such rulings. Appellee contends that the trial court ruled correctly because appellant gave appellee the car and signed the note for the unpaid purchase price thereon.

■■ The history of the 1962 Cadillac automobile which the judgment awarded to

appellee is as follows: The car was purchased by appellant in May, 1962, after the parties had reconciled. A 1959 Cadillac, which had been in part a pre-marital gift from appellant to appellee and which was fully paid for, was traded in on the new 1962 Cadillac. The title certificate to the 1962 Cadillac was placed in appellee's name and reflected an indebtedness of approximately $3,200.00, secured by lien, owing against it. The decree required appellant to pay off and discharge said indebtedness and lien. On the trial of the case appellant testified on two occasions that he gave appellee said 1962 Cadillac. At another point in his testimony he claimed it was community property. The evidence is sufficient to support implied findings in favor of the judgment that said 1962 Cadillac became the separate property of appellee by virtue of a gift from appellant. The trial court properly required appellant to discharge the said indebtedness and lien. Harford Mutual Insurance Company v. Gorbet (5 Cir., 1957) 241 F.2d 363, and cases therein cited. Appellant's point number five is overruled.

■ We now pass to a discussion of appellant's points one, four and six, relating to the alleged errors of the trial court in making the over-all division of the properties, in requiring appellant to pay virtually all of the debts, and in making an allowance of $7,500.00 to appellee in order to adjust equities. Consideration of the entire record herein reflects that when the "Home Place" and the 1962 Cadillac automobile are properly classified as gifts from appellant to appellee, as we have held in deciding appellant's points two and five, appellant received at least an equal division of the properties, taking into account the debts he was required to pay by the judgment.

Appellant argues under his point number one that the trial court abused its discretion in dividing the properties because appellant's net worth was reduced more than $38,000.00 to a nominal figure of $1,400.00 while the net worth of appellee was increased by more than $25,000.00 to $54,500.00. Appellant's starting point for this argument is the comparative statement of the financial position of each of the parties included in the report of the auditor, with projected figures furnished by appellant giving effect to the final decree of July 18, 1963. Although such comparative statements may serve the purpose of furnishing information to the court from an accounting basis, an examination of the entire record reflects that from a legal standpoint a number of items are misclassified, some of them are not fully explained, and some items are omitted. At first glance, it may seem that the division made by the trial court is heavily unequal in favor of appellee; however, extended examination of the record reflects that the division is not as unequal as appellant contends and in some respects an unequal division is justified. Consideration of the specific provisions contained in the judgment along with other benefits and burdens not detailed in the judgment, but which are shown by the evidence and the auditor's report, furnishes a better understanding of what the trial court accomplished than do the comparative statements relied on by appellant.

After eliminating the "Home Place" and the 1962 Cadillac from consideration because they were, in part, gifts by appellant to appellee, the appellant received the following benefits not specifically detailed in the judgment: In connection with insurance policies separately owned by him prior to and after the marriage here involved there was during the marriage a reduction of loans in the amount of $11,381.32 and an increase of cash values of $5,451.51, said two amounts aggregating $16,832.83. During said marriage there was a reduction of the principal owing on the note and mortgage and payment of taxes in the amount of $7,725.18, on the business property in McAllen, Texas, owned by appellant prior to the marriage and afterwards. During the period of the final separation of the parties from November 6, 1962, to March 22, 1963, appellant earned at least

the sum of $11,500.00 while he was paying appellee $1,360.00 in alimony. Appellant also paid $1,564.15 from May 7, 1962 until March 22, 1963, on appellee's "Home Place". Crediting appellant with the last two amounts and deducting the same from his earnings for the said period it appears that appellant retained the difference in the amount of $8,632.99. The benefits to appellant discussed in this paragraph aggregate the sum of $33,191.00.

Appellee, after eliminating from consideration of the "Home Place" and the 1962 Cadillac automobile, received the following benefits: In connection with the furniture purchased during the marriage, taking appellant's figures of $3,306.52, less $2,149.40, representing one-half of the indebtedness to San Juan Bank, as provided by the judgment, and disregarding depreciation in value, appellee received a maximum benefit of $1,157.12. Appellee owned separate property located on South 10th Street, Mc-Allen, Texas, on which $6,684.69 was expended during the marriage, principally for reduction of mortgage notes, resulting in a benefit to her to such extent. Appellee was awarded $7,500.00 by the trial judge in order to adjust equities. The benefits to appellee discussed in this paragraph amount to $15,341.81, or an amount which is $17,-849.19 less than that awarded to appellant under the calculation contained in the immediately preceding paragraph.

Appellant complains, by his point number four, of the action of the trial court in having adjudged him liable for virtually all the indebtedness excepting that owing to the San Juan Bank, as follows: First National Bank, Mission, Texas, $4,500.00; First National Bank, McAllen, Texas, $4,-500.00; Security State Bank, Pharr, Texas, $2,500.00; and to Joe Norman , Jr., in the amount of $6,250.00; said notes aggregating $17,750.00. The net benefits accruing to appellant, as is discussed in the last two preceding paragraphs more than off-set the amount of such notes and the action of the trial court in requiring appellant to pay such notes was proper.

There are additional matters shown by the evidence which the trial court could properly have taken into account in making division of the properties and in fixing the rights and liabilities of the parties. Such other matters tend to show that the division of the properties made by the trial court was fairly equal even if the "Home Place" and the 1962 Cadillac automobile are not considered as gifts from appellant to appellee. Some of these items are as follows: Two of the loans, aggregating $7,000.00, which the court required appellant to pay were made by him just prior to the final separation of the parties, with less than a satisfactory explanation being given to show that same constituted a valid community obligation. Appellant reduced his bank account in the amount of approximately $14,000.00 during a short period of time before the final separation, again with something less than a satisfactory explanation. There was evidence that during two periods of time when the parties were separated, appellant made certain expenditures, while engaged in what may conservatively be referred to as escapades, which would not be considered in the interest of appellee or of the community estate. When questioned about such matters, appellant invoked the broad protection of the Fifth Amendment to the Constitution of the United States. This action may have served to prevent appellant's incrimination but it did not strengthen his position in connection with the property issues involved. The accounting further reflected that during the marriage of the parties the amount of $3,986.48 had been paid for interest on appellant's mortgage note against his separate business property, which appellant would have been required to pay whether or not he was married to appellee. During the marriage appellant also received the benefit of an allowance for depreciation of his separate business property in the amount of $4,848.00, a deductible item for income tax purposes, contrasted with the amount of $530.00 allowed for depreciation of appellee's "Home Place", which was a non-deductible item

for income tax purposes, or a net difference of $4,320.00. It further appears that a portion of appellant's investment in John E. Hayes Company, a partnership, was in the form of cash, bank deposits and accounts receivable, according to the auditor's report which the trial court could have found to be community property of the parties. The trial court was authorized to find that appellee was the owner of one-half of the amount of $3,874.00 or $1,748.-00, in such connection. Appellant purchased a cemetery lot for $500 during the marriage which he was allowed to retain. It also appears that during the final separation of the parties and before the interlocutory decree, appellant received community income in addition to his earnings heretofore mentioned. The auditor was unable to verify the amount in cash which appellant had on hand and the trial judge was entitled to consider such fact along with the others hereinbefore mentioned.

■■■■■ The trial court is vested with wide discretion in connection with the division or partition between the parties of properties involved in a divorce case. An equal division is not required under all circumstances and the trial court is authorized by Article 4638, V.A.T.S. to make such division as is just and right, taking into consideration and having due regard for the rights of each party. The decision of the trial court will not be reversed on appeal unless an abuse of discretion is shown in that the disposition made is manifestly unjust and unfair. Trimble v. Trimble, 15 Tex. 18 (1855); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950); Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App., 1963, wr. dism.).

We hold that the trial court did not abuse its discretion in dividing the properties of the parties or in otherwise fixing their rights and liabilities. Accordingly, ap-

pellant's points one, four and six are overruled.

■■■■■ Appellee's cross-assignment as to the alleged inadequacy of attorneys fees awarded to her must be overruled. The test is not what fee we would allow if the matter had originally been submitted to us, but is whether the finding of the trial judge amounts to an abuse of discretion. Chapman v. Chapman, 172 S.W.2d 127 (Tex. Civ.App., 1943, wr. dism.). The award made by the trial court is not inadequate as a matter of law and abuse of discretion is not shown.

The judgment of the trial court is affirmed, and, in accordance with Rule 435, Texas Rules of Civil Procedure, judgment is rendered against appellant and the sureties on his supersedeas and appeal bonds for the performance of the judgment of the trial court and for payment of all costs incurred in this court as well as the costs assessed against appellant in the trial court.